IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID CREEL | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-175 |
| SHERIFF, SHELBY COUNTY | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner David Creel, a pre-trial detainee at the Shelby County Jail, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Petitioner is awaiting trial on unspecified charges. Petitioner alleges that his attorney and bail bondsmen failed to notify of him of a court date, and he was subsequently taken into custody and denied bail for failing to appear. Petitioner contends that he has been denied due process and a speedy trial.

### Discussion

The district court has authority to grant a writ of habeas corpus if the prisoner is in custody under the authority of the United States or if he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(1),(3). Although the statute does not explicitly require prisoners to exhaust available remedies before bringing a § 2241 petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available remedies before

seeking habeas relief under the statute. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

Although there are state court remedies available to Petitioner, such as filing an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure art. 11.08, Petitioner states that he has not raised any of his claims in the state courts. Because Petitioner has not demonstrated that he exhausted state court remedies, the petition should be dismissed without prejudice.

## Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of May, 2023.

2

Zack Hawthorn
United States Magistrate Judge